# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| **GAYLE GREGORY,** | Case No. 20–cv–04983–ESK |
| Plaintiff, | |
| v. | |
| **COMMISSIONER OF SOCIAL SECURITY,** | **OPINION AND ORDER** |
| Defendant. | |

**KIEL, U.S.D.J.**

  **THIS MATTER** comes before the Court on the motion of plaintiff's counsel, Adrienne Freya Jarvis, Esq. (Counsel), for the award of attorney's fees pursuant to the Social Security Act, 42 U.S.C. § 406(b) (Motion) (ECF No. 19). Defendant filed a response to the Motion. (ECF No. 21.) For the following reasons, the Motion is GRANTED.

  **I. FACTS AND PROCEDURAL HISTORY**

  On October 26, 2021, former District Judge Noel Hillman "So Ordered" the parties' consent order (Consent Order) for Payment of Fees Pursuant to the Equal Access to Justice Act (EAJA). (ECF No. 18.) The Consent Order provided for an award to Counsel of $7,800 in full satisfaction of plaintiff's claims for attorney's fees, expenses, or costs under the EAJA. On March 20, 2024, Counsel filed the Motion seeking an award of $19,818. (ECF No. 19.) The Commissioner does not take a position on the Motion because "the Commissioner has no direct financial stake in the outcome of th[e] [M]otion." (ECF No. 21 p. 1.)

## II. LEGAL STANDARD

The Social Security Act provides, "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which claimant is entitled by reason of such judgment." 42 U.S.C. §406(b)(1). When determining whether an amount is reasonable, courts in the Third Circuit have considered the amount of time spent on the case, the result achieved, the experience of counsel, the nature of contingent fees and the risk of non-recovery, counsel's typical hourly rate, the EAJA fee previously requested, and whether the attorney is responsible for any unreasonable delays in the proceeding. *See Leak v. Commissioner of Social Security*, Case No. 11–00051, 2017 WL 5513191, at *1 (D.N.J. Nov. 17, 2017) (citations omitted). A higher contingency fee is reasonable given the risk of non-recovery if plaintiff's claims were unsuccessful. *See id.*

## III. ANALYSIS

Counsel has certified that she spent a total of 38.3 hours on plaintiff's civil action, specifying that she spent 4.5 hours, and another attorney at her law firm spent 33.8 hours. (ECF No. 20 p. 8.) Counsel's advocacy led to a positive result for plaintiff. (*Id.*) Plaintiff contractually agreed to pay the contingent fee now sought by Counsel. (*Id.* pp. 6, 7.) On remand, plaintiff was awarded $79,272 in past-due benefits as well as ongoing benefits as long as she remains disabled. (*Id.* p. 8.) Counsel has agreed to remit to plaintiff the $7,800 in EAJA fees which the Court previously awarded on October 26, 2021. (*Id.* p. 10 n. 5.)

The Court finds that the following facts weigh in favor of the requested and contractually agreed-upon 25 percent contingency fee:

1. The fee requested would result in an imputed effective hourly rate of $517.44 which reflects the nature of contingent fees and the risk of non-recovery.

2. Lead counsel has practiced law for approximately 36 years, focusing on social security matters.  (ECF No. 20–3 pp. 1, 2.)

3. New Jersey courts have used the Community Legal Services of Philadelphia's fee schedules as a helpful metric in setting fee rates.  The fee schedule currently lists an attorney with more than 25 years of experience at a rate of $735 to $850.

4. The $517.44 imputed hourly rate is not inconsistent with previously approved rates in contingency fee cases that carry a risk of non-recovery, *see Gonzales v. Comm'r of Soc. Sec.*, Case No. 10–3735, 2017 WL 6513349, at *2 (D.N.J. Dec. 19, 2017) (approving an imputed hourly rate of $992.80); *Mignone v. Comm'r of Soc. Sec.*, Case No. 13–06054, 2018 WL 259949, at *2 (D.N.J. Jan. 2, 2018) (approving an imputed hourly rate of $850.14); *Leak v. Comm'r of Soc. Sec.*, 2017 WL 5513191, at *1 (approving an imputed hourly rate of $745.24); *see also Wilson v. Astrue*, 622 F. Supp. 2d 132, 134, 137 (D. Del. 2008) (approving an hourly rate of $1,155.59 because the hourly rate deserved less weight where the case was difficult and counsel was highly skilled in social security representation).

5. Counsel has agreed to remit to plaintiff the $7,800 in EAJA fees, which the Court previously awarded.  The overall fees retained by Counsel would be within the boundaries of reasonableness, *see Perez v. Barnhart*, Case No. 02–03779, 2006 WL 781899 (E.D. Pa. 2006).

6. There is no evidence that Counsel delayed proceedings to increase the fees accrued in this matter.

7. Counsel was able to convince the Social Security Administration by briefing on remand that plaintiff was owed retroactive benefits, and that

plaintiff should receive future benefit payments, provided plaintiff remains disabled.  (ECF No. 20 p. 8.)

8. Plaintiff agreed to the 25 percent contingency fee.  (*Id.* p. 6, 7.)

The Court finds therefore that the foregoing factors show that the 25 percent contingency fee permitted by 42 U.S.C. § 406(b) is reasonable.

Accordingly,

**IT IS** on this  **5th** day of **April, 2024**  **ORDERED** that:

1. The Clerk shall reopen the case and make a new and separate docket entry reading "CIVIL CASE REOPENED."

2. Counsel remit to plaintiff any amount received in EAJA fees pursuant to this Court's previous award on October 26, 2021 (ECF No. 18).

3. The Motion is **GRANTED** and Counsel is awarded $19,818 in attorney's fees.

4. The Clerk shall re-close the file and make a new and separate docket entry reading "CIVIL CASE TERMINATED."

  /s/ *Edward S. Kiel*  
**EDWARD S. KIEL**  
**UNITED STATES DISTRICT JUDGE**